IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOBY DONNER, P.C., <br>         Plaintiff, <br><br> v. <br><br> ARISTONE REALTY CAPITAL, LLC, <br> TODD M. LIPPIATT, and <br> PATRICK M. MCGRATH, <br>         Defendants. | CIVIL ACTION <br><br><br><br> NO. 17-2206 |

J. DuBois                                                                                      April 2, 2018

## **M E M O R A N D U M**

### I. INTRODUCTION

This case arises out of alleged nonpayment of fees owed for legal services. Plaintiff Jacoby Donner, P.C. filed suit in this Court on May 12, 2017, seeking recovery of outstanding fees owed for legal services provided by plaintiff to defendants, Aristone Realty Capital, LLC, Todd M. Lippiatt, and Patrick M. McGrath. Defendants answered and asserted counterclaims against Jacoby Donner for malpractice in connection with the legal services performed.

Presently before the Court is Jacoby Donner's Motion to Dismiss the Counterclaims (Document No. 14, filed July 27, 2017). For the reasons stated below, the Motion is granted in part and denied in part.

### II. FACTUAL BACKGROUND

The facts of this case as set forth in Aristone Realty Capital, LLC., Todd M. Lippiatt, and Patrick M. McGrath's (collectively, "counterclaim plaintiffs") Amended Answer, Defenses, and Counterclaims (Document No. 10, filed July 6, 2017). Aristone is a New York-based real estate development and investment company. Am. Counterclaim ¶ 4. Lippiatt and McGrath are

principals of Aristone. *Id.* ¶¶ 5, 6. In February of 2010, Aristone retained Jacoby Donner to provide legal services in connection with several real estate development projects. *Id.* ¶ 7. This case involves those legal services provided to two non-party entities affiliated with Aristone: CS Paradiso LLC ("CS Paradiso") and AH DB Kitchen Aspen Investors LLC ("AH DB").

Aristone acted through an affiliated company, CS Paradiso to acquire properties in a Tennessee real estate development called Tellico Village. Am. Counterclaim ¶15. In 2010, the Tellico Village Property Owners Association ("TVPOA") sued CS Paradiso over unpaid assessments on certain parcels of land. *Id.* ¶ 16. The parties entered into a Settlement Agreement (the "TVPOA Settlement Agreement") to resolve the claims and, as part of that Agreement, CS Paradiso was required to execute and record a number of quitclaim deeds and lien releases by August 19, 2013. *Id.* ¶ 17. Aristone asked Jacoby Donner to execute and record quitclaim deeds and lien releases as required by the TVPOA Settlement Agreement and Jacoby Donner accepted the assignment. *Id.* ¶ 18. Jacoby Donner executed the quitclaim deeds and lien releases in September 2014, over one year late, in violation of the terms of the TVPOA Settlement Agreement. *Id.* ¶ 19. In May 2015, TVPOA filed suit against CS Paradiso for breach of the TVPOA Settlement Agreement. CS Paradiso entered into a second Settlement Agreement and Release to resolve that claim (the "Second TVPOA Settlement Agreement"). *Id.* ¶ 22. As part of the Second TVPOA Settlement Agreement, CS Paradiso was required to pay TVPOA $250,000.[1]

Jacoby Donner also represented Aristone's affiliated company, AH DB. In 2013, McGrath and Lippiatt acted through two entities, AH DB and Rocky Aspen Management 204

---

[1] The Second TVPOA Settlement Agreement also provided that, if CS Paradiso failed to pay the $250,000 fine in the installments as set forth by the Agreement, TVPOA could file an "Agreed Judgment," which would require that CS Paradiso pay $650,000, reduced pro rata by the payments already made pursuant to the Agreement. Am. Counterclaim ¶ 22 n 2.

LLC ("RAM"), to develop a restaurant and lounge in Aspen, Colorado. Am. Counterclaim ¶ 26. Together, the entities formed Rocky Aspen LLC ("Rocky Aspen"). Under their agreement, AH DB was to provide the financing for the restaurant and RAM was to provide restaurant expertise. *Id.* ¶ 26. Jacoby Donner represented AH DB. *Id.* ¶ 27. The cost of that project soared and AH DB was unable to provide the necessary capital for the project. *Id.* ¶ 31. In December 2014, the owner of the building in which the restaurant was located sued Rocky Aspen and McGrath for non-payment of rent and for construction costs. *Id.* ¶ 30. Rocky Aspen filed for bankruptcy in March 2016. *Id.* ¶¶ 31, 32. In the months leading up to the bankruptcy, Jacoby Donner failed to enforce existing contracts. *Id.* ¶ 33. Jacoby Donner also instructed associates to cease working on the AH DB matter and failed to adequately staff its representation of AH DB. *Id.* ¶¶ 34, 35. Aristone terminated its relationship with Jacoby Donner in the spring of 2016. Am. Counterclaim ¶ 13.

Jacoby Donner filed the instant suit on May 12, 2017, for nonpayment of legal fees. On July 6, 2017, Aristone, McGrath, and Lippiatt filed amended answer with counterclaims asserting two counts of legal malpractice: Count I for breach of contract and Count II for negligence, both of which arise out of the same alleged conduct. Specifically, counterclaim plaintiffs assert that Jacoby Donner's failure to execute the quitclaim deeds and lien releases pursuant to the TVPOA Settlement Agreement caused Aristone to incur significant legal fees and pay additional funds in settlement. With respect to Jacoby Donner's representation of AH DB, counterclaim plaintiffs assert that Jacoby Donner caused Aristone and McGrath to incur significant legal fees because Jacoby Donner failed to enforce existing contracts and to exercise favorable options, failed to adequately staff the AH DB matter, and instructed attorneys to cease

3

working on the AH DB matter. The breach of contract claims in Count I and the negligence claims in Count II are based on the same conduct.

## III. APPLICABLE LAW

"The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint." *Nelson v. Temple Univ.*, 920 F. Supp. 633, 634 n.2 (E.D. Pa. 1996). To survive a motion to dismiss, plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. In assessing the plausibility of the plaintiff's claims, a district court first identifies those allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 557 (2007). Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.*

## IV. DISCUSSION

Jacoby Donner argues that the counterclaims must be dismissed in their entirety because counterclaim plaintiffs lack standing to bring suit. In the alternative, Jacoby Donner asserts that certain of plaintiffs' counterclaims are barred by the gist of the action doctrine. The Court addresses each argument in turn.

A. Standing

Jacoby Donner contends that the counterclaims must be dismissed in their entirety because, counterclaim plaintiffs lack standing to assert claims on behalf of affiliated entities CS Paradiso and AH DB by reason of the derivative injury rule.

Under Pennsylvania law, the derivative injury rule precludes shareholders, directors, officers or employees from suing for personal injuries that result directly from injuries to the corporation. *In re Kaplin*, 143 F.3d 807, 811 – 12 (3d Cir. 1998); *eds Adjusters, Inc. v. Computer Sciences Corp.*, 818 F.Supp. 120, 121 (E.D.Pa. 1993) (citations omitted). An action is derivative if the gravamen of the complaint is injury to the corporation. *Id.* If damages to the shareholder result indirectly, because of injury sustained by the corporation, the shareholder lacks standing to sue as an individual. *Hill v. Olfat*, 85 A.3d 540, 549 (Pa. Super. 2014).

Jacoby Donner argues that the counterclaimants assert malpractice claims on behalf of two corporate entities—CS Paradiso and AH DB—and do not claim any individual injury on behalf of Aristone, McGrath, or Lippiatt. With respect to counterclaim plaintiffs McGrath and Lippiatt, the Court agrees.

Counterclaim plaintiffs argue that they have claimed individual injuries on behalf of McGrath, distinct from those injuries suffered by AH DB, based on the fact that McGrath was sued individually as a defendant for non-payment of rent and construction costs in connection with the Aspen Kitchen Lease. The asserted basis for Lippiatt's counterclaim is that he is a principal of Aristone. Specifically, counterclaim plaintiffs allege that McGrath and Lippiatt acted "through AH DB" to partner with RAM in forming Rocky Aspen for the development of Aspen Kitchen. They claim that McGrath and Rocky Aspen faced lawsuits and that Rocky Aspen eventually filed for bankruptcy because of Jacoby Donner's failure to enforce existing

5

contracts and exercise favorable options and Jacoby Donner's failure to adequately staff its representation of AH DB. The sole ground for the claim asserted by counterclaim plaintiffs in connection with Jacoby Donner's representation of CS Paradiso is that both McGrath and Lippiatt are principals of Aristone.

The Court concludes that the counterclaims arise out of injuries allegedly sustained by AH DB and CS Paradiso, not distinct injuries suffered by McGrath or Lippiatt. Although McGrath was named as an individual in the lawsuit for non-payment of rent and construction costs, his injuries were sustained in his capacity as a representative of AH DB. *See eds Adjusters, Inc.*, 818 F.Supp. 120 at 121 (corporate officer who contributed his own money to vindicate corporation's rights could not bring direct action for loss of those funds). And there is no allegation that either McGrath or Lippiatt sustained any distinct individual injury—independent of injuries sustained by CS Paradiso—as a result of Jacoby Donner's representation. Moreover, counterclaim plaintiffs' argument that McGrath has standing as a signatory to the contract fails because, according to the fee agreement,[2] McGrath signed the contract "on Behalf of Aristone." Mot. to Dismiss, Ex. A; Memo. in Resp. to Mot. to Dismiss, Ex. A; *In re Ressler*, 597 Fed.Appx. 131, *135–36 (2015) (no individual injury alleged where the complaint did not allege that plaintiffs engaged Appellees' legal services for any reason *independent* of conducting business). Accordingly, counterclaim plaintiffs McGrath and Lippiatt have failed to allege distinct individual injuries and lack standing to assert counterclaims for injuries sustained by AH DB and CS Paradiso.

---

[2] On a motion to dismiss, a court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Because both Jacoby Donner and counterclaim plaintiffs attached the fee agreement to their Memoranda, the authenticity of the fee agreement is not in dispute.

The Court now turns to Aristone. Counterclaim plaintiffs argue that Aristone has standing because CS Paradiso and AH DB were intended third party beneficiaries of the contract between Aristone and Jacoby Donner. The Court agrees.

Pennsylvania has adopted the two-part test from the Restatement (Second) of Contracts § 302 for determining whether a person or entity is a third party beneficiary of a contract, which recognizes a third party beneficiary if "(1) the recognition of the beneficiary's right must be appropriate to effectuate the intention of the parties, and (2) the performance must satisfy an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Estate of Agnew v. Ross*, 152 A.3d 247, 252 (Pa. 2017) (citing *Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983). Both a promisee and an intended third party beneficiary may sue to enforce a contract. *See In re Kaplan*, 143 F.3d 807 (3d. Cir. 1998).

According to the fee agreement, Aristone retained Jacoby Donner to represent "Aristone Realty Capital, LLC and its affiliates, successors and assigns (collectively, "Aristone") in connection with various commercial real estate and financial transactions, including those involving 204 South Galena Street, Aspen, Colorado[3] . . .[and] CS Paradiso Holdings LLC." Mot. to Dismiss, Ex. A; Memo. in Resp. to Mot. to Dismiss, Ex. A. Under the fee agreement, Aristone retained Jacoby Donner to perform legal services for the benefit of third parties, AH DB and CS Paradiso. Aristone alleges that, as a result of Jacoby Donner's malpractice, it incurred significant legal expenses and lost a significant amount of money in connection with the failed development projects. The Court concludes that AH DB and CS Paradiso were intended third party beneficiaries of the contract between Aristone and Jacoby Donner. As the promisee in a

---

[3] 204 South Galena Street, Aspen, Colorado is the location of Aspen Kitchen, which was AH DB's development project. Memo. Resp. Mot. Dismiss at 12 n. 8.

contractual relationship between Aristone and Jacoby Donner for the benefit of AH DB and CS Paradiso, Aristone has standing to bring suit.

## B. Gist of the Action Doctrine

In the alternative, Jacoby Donner asks the Court to dismiss certain claims in the counterclaims as barred by the gist of the action doctrine. Pursuant to the gist of the action doctrine, when a plaintiff brings tort and contract claims for the same underlying conduct, a court must decide "whether the claim is truly one in tort, or for breach of contract." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014); *see Brenco Oil, Inc. v. Blaney*, No. 17-CV-3938, 2017 WL 6367893, at *2 (E.D. Pa. Dec. 13, 2017). If "the facts of a particular claim establish that the duty breached is one created by the parties *by the terms of the contract*—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract," then the claim should be treated as one for breach of contract. *Id.* at 68 (emphasis added). "If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort." *Id.* In sum, a claim sounds in negligence unless it is alleged that the party breached one of the "specific executory promises which comprise the contract." *New York Cent. Mut. Ins. Co. v. Edelstein*, 637 F. App'x 70, 72–73 (3d Cir. 2016) (quoting *Bruno*, 106 A.3d at 70).

Jacoby Donner seeks to dismiss Count I for breach of contract to the extent that this counterclaim is premised on its representation of AH DB on the ground that the allegations related to its representation of AH DB are based on Jacoby Donner's failure to exercise its professional judgment to adequately staff the representation of AH DB and to enforce existing contracts. Jacoby Donner argues that these allegations are based on a tort, "specifically a

8

negligent violation of a professional standard of care." Memo. Supp. Mot. to Dismiss at 15. Thus, it is Jacoby Donner's position that Count I for breach of contract arising out of Jacoby Donner's representation of AH DB must be dismissed. The Court agrees and notes that all such claimed damages are asserted in Count II which sounds in tort.

The counterclaim in Count I arising out of Jacoby Donner's representation of AH DB, does not allege that Jacoby Donner breached a specific executory promise, but rather alleges that Jacoby Donner failed to adequately staff its representation and failed to exercise available, favorable options with respect to the events leading up to Rocky Aspen's bankruptcy. The gist of these allegations is that Jacoby Donner was negligent in performing its contractual duties, claims covered in Count II.

Jacoby Donner also seeks to dismiss Count II for negligence to the extent that this counterclaim is premised on its representation of CS Paradiso. Jacoby Donner argues that the counterclaim plaintiffs' claim that Jacoby Donner breached the contract by failing to execute and record certain quitclaim deeds and lien releases. The allegations against Jacoby Donner for its representation of CS Paradiso give rise to a claim for breach of contract, not negligence. As a consequence, Jacoby Donner asserts that Count II for negligence arising out of its representation of CS Paradiso must be dismissed. The Court disagrees.

Counterclaim plaintiffs do not point to a "specific executory promise" in the contract that Jacoby Donner breached in connection with its representation of CS Paradiso. The only contract provision that counterclaim plaintiffs point to is a provision in the fee agreement which states that Jacoby Donner will represent Aristone "in connection with various commercial real estate and finance transactions, including," among others, CS Paradiso and AH DB. Counterclaim plaintiffs do not claim that Jacoby Donner failed to follow specific client instructions to execute

9

and record quitclaim deeds and lien releases; instead, the gravamen of the counterclaim is that Jacoby Donner executed the deeds and lien releases negligently by filing these documents *late*. *See e.g.*, *Brenco Oil, Inc.*, 2017 WL 6367893, at *3 ("the gist of Brenco Oil's Action is that the Brann firm was *careless*, not that it *failed to perform* a specific task under the contract"); *New York Cent. Mut. Ins. Co.*, 637 Fed.Appx.70, at *73 (allegations that attorney gave "misleading" legal advice, failed to conduct thorough research and failed to provide correct analysis sounded in tort, not in contract). Accordingly, counterclaim plaintiffs state a claim under Count II for negligence arising out of Jacoby Donner's representation of CS Paradiso.

The Court further concludes that the gist of the action doctrine bars counterclaim plaintiffs' claim under Count I for breach of contract arising out of Jacoby Donner's representation of CS Paradiso. For the reasons stated above, counterclaim plaintiffs claim that Jacoby Donner was negligent in performing contractual duties by filing the quitclaim deeds and lien releases late. That is an action in tort. As a consequence, Count I for breach of contract must be dismissed in its entirety. *See Reginella Const. Co., Ltd. V. Travelers Cas. And Sur. Co. of America*, 971 F.Supp.2d 470, 475 (W.D.Pa. 2013) ("Our Court of Appeals has recognized . . . and permits district courts to apply the [gist of the action] doctrine [*sua* sponte] at the pleading stage to dismiss. . . . claims, with prejudice."), *aff'd* 568 Fed. App'x 174 (3d Cir. July 14, 2014); *see also Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) (finding sua sponte dismissal is appropriate when apparent from face of complaint).

Accordingly, Count I for breach of contract must be dismissed. Count II for negligence is unaffected by this Memorandum.

V. **CONCLUSION**

For the foregoing reasons, Jacoby Donner, P.C.'s Motion to Dismiss Counterclaims is granted in part and denied in part. An appropriate order follows.