IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOBY DONNER, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARISTONE REALTY | : | |
| CAPITAL, LLC, et al. | : | NO. 17-2206 |

## MEMORANDUM ORDER

THOMAS J. RUETER  
United States Magistrate Judge                                                              May 30, 2018

         By Orders dated May 16, 2018, see Docs. 64 and 65, the court granted in part and denied in part plaintiff's Motion to Compel Discovery from Defendant Aristone Realty Capital, LLC (Doc. 50) and plaintiff's Motion to Compel Discovery from Third-Party Eric Diaz and for Sanctions (Doc. 51). In the May 16, 2018 Orders, the court deferred ruling on plaintiff's request for all settlement agreements, including all drafts, between Eric Diaz and defendant Aristone Realty Capital, LLC ("Aristone"), and all communications after April 6, 2016, between Diaz and/or his counsel and Aristone and/or its counsel, relating to the intended settlement agreements between Diaz and Aristone.

         The court has reviewed the parties' letter briefs on this issue. In their letters to the court, Aristone and Diaz oppose plaintiff's request for discovery because (1) they claim the draft settlement agreements constitute privileged attorney work product; (2) the materials are not relevant; and (3) they are confidential. For the reasons that follow, the court rejects these objections to plaintiff's requests and will order Aristone and Diaz to produce these materials as requested in the Request for Production of Documents and the third-party subpoena.

This action was commenced by plaintiff, Jacoby Donner, P.C., a Philadelphia law firm, against Aristone to collect attorney fees owed for services rendered primarily by Diaz when he was employed as an attorney by plaintiff. The amount owed to plaintiff is in excess of $750,000. Diaz is no longer employed by plaintiff and is now associated with another law firm and continues to represent Aristone. In defense of the debt collection action, Aristone has counterclaimed against plaintiff, alleging that Diaz and others in the Jacoby Donner law firm committed malpractice, and that plaintiff is liable on the basis of respondeat superior.

Aristone and Diaz first object to the production on the basis of the work product doctrine. The work product doctrine is governed by federal law pursuant to Fed. R. Civ. P. 26(b)(3). See Dietz & Watson, Inc. v. Liberty Mut. Ins. Co., 2015 WL 356949, at *7 (E.D. Pa. Jan. 28, 2015) (under the work product doctrine, a party ordinarily may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative). Here, Aristone and Diaz have failed to satisfy their burden of demonstrating that the drafts of the settlement agreement were prepared in anticipation of litigation or for trial. See Bradfield v. Mid-Continent Cas. Co., 15 F. Supp. 3d 1253, 1256 (M.D. Fla. 2014) ("Plaintiffs have failed to offer any explanation as to how drafts of settlement and mediation agreements were prepared 'in anticipation of litigation.'"); Redding v. ProSight Specialty Mgmt. Co., Inc., 2014 WL 11412743, at *6 (D. Mont. July 2, 2014) ("the Court doubts whether this document [, an email exchange between counsel discussing how to allocate the global settlement among the multiple claimants,] was prepared in anticipation of litigation or for trial, since it clearly was prepared in anticipation of settlement").

Furthermore, each of Aristone and Diaz has waived the work product privilege because each party disclosed the disputed materials to an adversary. See Westinghouse Elec.

Corp. v. Republic of Philippines, 951 F.2d 1414, 1428-29 (3d Cir. 1991) (holding that Westinghouse's disclosure of work product to two adversaries waived the work-product doctrine as against all other adversaries); see also Frankford Tr. Co. v. Advest, Inc., 1995 WL 491300, at *1-2 (E.D. Pa. Aug. 17, 1995). It is clear that, for purposes of this litigation, Aristone and Diaz are adverse to one another. Although Aristone has not joined Diaz as an indispensable third-party in this case to date, Aristone, as counterclaim plaintiff, filed a motion for leave to amend its claims to add Diaz as a counterclaim defendant. See Doc. 53.

Moreover, the court finds that the drafts of the settlement agreement, and communications relating thereto, are relevant to plaintiff's claim that Aristone and Diaz are colluding with one another to evade plaintiff's collection action. See Dietz & Watson, Inc., 2015 WL 356949, at *9 (permitting insurance company to obtain discovery of settlement discussions between plaintiff and its insured to show collusion between the two to obtain payment from insurance company). The court further notes that a settlement agreement may be discoverable even if it is confidential. See Key Pharm., Inc. v. ESI-Lederle, Inc., 1997 WL 560131, at *2 (E.D. Pa. Aug. 29, 1997) (the party seeking discovery of a confidential settlement agreement has the burden to make a particularized showing that the documents relating to the settlement negotiations are relevant and likely to lead to the discovery of admissible evidence) (citing Fidelity Fed. Sav. and Loan Ass'n v. Felicetti, 148 F.R.D. 532, 534 (E.D. Pa. 1993); Doe v. Methacton Sch. Dist., 164 F.R.D. 175, 176 (E.D. Pa. 1995)). See also Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd., 253 F.R.D. 521, 523 (C.D. Cal. 2008) (there is no federal privilege preventing the discovery of settlement agreements and related documents). Here, plaintiff has made such a showing. Aristone alleges that plaintiff committed malpractice. The draft settlement agreement, and communications related thereto between Aristone and Diaz,

are clearly relevant to whether an attorney in plaintiff's employ committed malpractice in its representation of Aristone.

Accordingly, it is hereby

**ORDERED**

that within fourteen (14) days of the date hereof, Aristone and Diaz each shall comply with plaintiff's requests for production of documents and third party subpoena and produce all settlement agreements, including all drafts, and all communications between Aristone and Diaz and/or his counsel and Aristone and/or its counsel after April 6, 2016, relating to the intended settlement agreement between Aristone and Diaz.

BY THE COURT:

\_\_/s/ Thomas J. Rueter_____
THOMAS J. RUETER
United States Magistrate Judge